JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-07363-RGK (RZx)** | Date | October 4, 2012 |
|---|---|---|---|
| Title | *US BANK NAT. ASS'N v. DAVID CRAIG et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On August 27, 2012, Defendant David Craig, in pro se, removed this action from the Los Angeles County Superior Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Federal question jurisdiction stands where a federal statute creates a cause of action, 28 U.S.C. § 1331, or where the resolution of a right created by state law necessarily turns on the construction of federal law, *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal courts will only consider federal issues that arise on the face of the complaint. *Taylor v. Andersen*, 234 U.S. 74, 75-76 (1914). Thus, an invocation of a federal law as a defense in the answer is insufficient basis to establish federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 39 (1987). Neither is an assertion that federal law preempts state law a sufficient basis for removal. *Gully v. First Nat. Bank*, 299 U.S. 109, 115 (1936). The federal law must *completely* preempt the state law to establish federal question jurisdiction. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Also, Congress must have created a private right of action for the district court to entertain a state law claim based on violation of a federal statute. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986).

Courts have repeatedly held that federal question jurisdiction does not stand over claims or defenses based on "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C.A. § 5220 ("PTFA"). *E.g., US Bank Nat. Ass'n v. Jenkins*, 2012 WL 242858, at *2 (C.D. Cal. Jan. 25, 2012); Bank of New York Mellon v. Flores, 2012 WL761951, at *1 (E.D. Cal. Sept. 6, 2012); *SSFT Properties II LLC v. Backe*, 2012 WL 216576, at *1 (S.D. Cal. Jan. 23, 2012). Also, courts have held that PTFA does not preempt actions premised on state law by successors in interest to evict. *E.g., Federal Nat. Mortg. Ass'n v. Hammond*, 2011 WL 2515498, at *2 (C.D. Cal. June 22, 2011); *Claremont 1ˢᵗ Street Investors v. Espinoza,* 2011 WL 2486804, *2 (C.D. Cal. June 15, 2010); *Aurora Loan Services LLC v. Jessie Torres,*

2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011). Rather, courts have characterized the invocation of PTFA in unlawful detainer actions as a defense against a state law claim upon which federal question jurisdiction cannot stand. *Id*. Further, prior courts have found that PTFA provides no express or implied private right of action. *E.g., MSF REO II, LLC v. Catedrilla,* 2012 WL 394463, *3 (E.D. Cal. Feb. 6, 2012); *U.S. Bank Nat. Ass'n v. Gilliam*, 2012 WL 1536543, *1 (N.D. Cal. Mar. 28, 2012).

     Defendant asserts that the basis for removal is that the claim arises under federal law because PTFA preempts the state claim of unlawful detainer. This assertion is not in accord with prior court decisions that have held otherwise. Even if the Court accepted the Defendant's assertion that the PTFA preempts state law, *complete* preemption is required to establish federal jurisdiction. This is neither alleged nor satisfied as clarified by prior courts analyzing this issue. Further, no private cause of action was stated by Defendant or found to exist in PTFA by this Court or prior courts. Thus, despite Defendant's insistence that PTFA is the true law on which the complaint is based, the invocation of this federal statute stands only as a defense, which cannot support federal question jurisdiction.

     For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

     **IT IS SO ORDERED.**

                                                                                     Initials of Preparer